CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, SBN 122223
440 N. First Street, Suite 100
San Jose, California 95112
(408) 295-9555

Attorneys for Creditor Campeau Goodsell Smith

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 14-52449
                                      )
SILICON VALLEY TELECOM                ) CHAPTER 11
    EXCHANGE, LLC,                    )
                                      ) **No Hearing Date Set**
              Debtor.                 )
_____)

## CGS OPPOSITION TO APPLICATION TO EMPLOY DEBTOR COUNSEL

On July 9, 2014, Debtor submitted an ex parte application to employ the Law Offices of Marc L. Pinckney ("Pinckney") as counsel for debtor herein. Creditor CGS opposes said application, and represents as follows:

**A.   Lack of Adequate Information**

The disclosures in the Application and supporting Declaration are incomplete:

1. There is no Representation Agreement attached.

2. Based on SVTX and SVTIX financial statements received quarterly (until 3/31/14), Pinckney has been paid substantial monies by SVTIX and SVTX over the past several years (and more particularly, within the past several months. CGS has no information concerning payments made to

Pinckney within the 90-day preference window, nor does Pinckney disclose such payments from SVTIX during that time.

3. Debtor SVTX has only 2 tenants – Rubio-owned SVTIX and Rubio-owned RAIX – who together owe $198,000 to Debtor SVTIX. Pinckney has done legal work for SVTIX and appears to be doing current legal work for RAIX; these relationships, including amounts owing to Pinckney and payments made, must be disclosed.

**B.     Conflicting Interests**

It appears that Pinckney may be wearing too many hats in this matter:

1. Per Debtor's Schedules, Pinckney is owed $14,940 by Debtor SVTX; per Schedules, Pinckney is owed $14,940 by non-debtor SVTIX (as a co-debtor). At the July 2nd meeting of creditors, Pinckney advised that he was waiving the obligation owed by Debtor SVTIX, but NOT waiving the debt owed by non-debtor SVTIX. Per Rubio, non-debtor SVTIX owes $185,000 to debtor SVTX (plus on-going payment obligations). Can Pinckney direct, influence or demand that non-debtor SVTIX to pay him instead of Debtor SVTX? Would this not be a conflict of interest in his duties to Debtor? Waiving part of this claim is insufficient to resolve this conflict of interest.

2. At the July 2nd meeting of creditors, Pinckney advised that he had spent substantial time earlier that week (and presumably after Chapter 11 filing) negotiating with a New Tenant who would lease up to 38,000 sf from RAIX. When UST Wesolowski pointed out that RAIX only leased 3,000 sf from Debtor SVTX presently and that a lease to RAIX had no benefit to Debtor SVTX ("so why not have New Tenant lease from SVTX"), Pinckney advised

that New Tenant could not lease directly from SVTX. In Debtor's Status Conference Statement and at the July 10th Status Conference hearing, Pinckney advised the Court that a New Lease with New Tenant might require hearing on shortened time if SJUSD approval could not be timely obtained. Goodsell advised Court that New Tenant was not intended to be Debtor sub-lessee. Who is paying Pinckney for his efforts for the benefit of RAIX? If he is being paid by RAIX (an account debtor for SVTX), then that is a conflict of interest. If he is being paid by SVTX to benefit RAIX, then that is a conflict of interest also.

3. Because he has represented Debtor SVTX and non-debtors SVTIX and RAIX for several years, and because Pinckney was instrumental in confirming the original Joint Reorganization Plan in August 2007, Pinckney is aware that the formation of non-debtor RAIX and Rubios' diversion of lease clients and lease revenues is inconsistent with the underlying intent of the confirmed Plan. If these steps were taken on his legal advice, it is possible that Debtor SVTX and/or its creditors may have claims against him (in addition to Rubios).

While submission of additional information may cure a lack of adequate information, CGS does not believe that the conflicting interests issues are curable, and Pinckney is not appropriately subject to approval as debtor-in-possession counsel in this matter.

DATED: July 10, 2014            CAMPEAU GOODSELL SMITH

                                By ____/s/ Scott L. Goodsell____
                                   Scott L. Goodsell
                                   Attorneys for Creditor CGS