Jennifer C. Hayes, State Bar No. 197252
McKENNA LONG & ALDRIDGE LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:    415.267.4000
Facsimile:    415.267.4198
jhayes@mckennalong.com

Attorneys for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SILICON VALLEY<br>TELECOM EXCHANGE, LLC,<br>250 Stockton Ave.<br>San Jose, CA 95126<br>SANTA CLARA-CA<br>Tax ID / EIN: 77-0510895,<br><br>Debtor. | Case No: 14-52449 MEH<br>Chapter 11<br>Hon. M. Elaine Hammond<br><br>***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON TRUSTEE'S MOTION TO COMPEL AND FOR CONTEMPT SANCTIONS**<br><br>[No Hearing Requested] |

Janina M. Hoskins, Chapter 11 Trustee of the estate of the above Debtor, respectfully represents:

1. By way of this Ex Parte Application for Order Shortening Time for Hearing on Trustee's Motion to Compel and for Contempt Sanctions ("Ex Parte Application"), the Chapter 11 Trustee requests that the Court set a hearing on shortened time on the Trustee's Motion to Compel and for Contempt Sanctions (the "Motion"). The Trustee's Motion is based on the refusal of insiders RAIX LLC ("RAIX") and Silicon Valley Telecom & Internet Exchange LLC ("SVTIX") to comply with lawfully issued, properly served subpoenas.

2. The estate's principal asset is a 25-year lease (the "Lease") of a large warehouse in San Jose, California located at 250 Stockton Avenue (the "Property"). (Declaration of Jennifer C. Hayes in Support of Ex Parte Application ("Hayes Declaration" ¶2). The deadline for the Trustee

to assume or reject the Lease is January 2, 2015, pursuant to a stipulation in which the landlord granted the Trustee a 90-day extension. (Hayes Declaration ¶3). RAIX and SVTIX are insiders of the Debtor. (Hayes Declaration ¶4). RAIX and SVTIX are also sublessees of the Debtor. (Hayes Declaration ¶4). RAIX and SVTIX are collecting the only rents generated by the Property; however, they refuse to provide the Trustee documents regarding these rents (*e.g.*, tenant names, sub-sub leases or similar agreements, bank records, etc.). (Hayes Declaration ¶5). The Trustee does not have the information she needs to calculate what amounts RAIX and SVTIX are collecting from their use of the Property. (Hayes Declaration ¶6). The Trustee does not have copies of the agreements between RAIX and/or SVTIX and the sub-sub tenants of the Property. (Hayes Declaration ¶7). In order for the Trustee to continue paying the monthly obligations under the Lease and so the Trustee has current and historical rental information for interested assignees, it is imperative that the Trustee have all information necessary to track the monies generated by the use of the Property on a current and an historical basis. (Hayes Declaration ¶8). The Trustee has very limited time to obtain this information, because the deadline to assume or reject the Lease is January 2, 2015. (Hayes Declaration ¶9).

3. On September 22, 2014, the Trustee caused subpoenas to be served on RAIX and SVTIX (together, the "Subpoenas"). (Hayes Declaration ¶¶10, 11, Exhibits A, B). The Subpoenas require the production of documents the Trustee needs to track the monies generated by the use of the Property on a current and an historical basis. (*Id.*) The Subpoenas called for the production of documents at McKenna Long & Aldridge's San Francisco offices by October 7, 2014 at 2:00 p.m. (*Id.*)

4. RAIX and SVTIX served objections to the Subpoenas on or about October 6, 2014; however, neither RAIX nor SVTIX filed a motion to quash. (Hayes Declaration ¶12).

5. Counsel for the Trustee has asked RAIX and SVTIX via their agents for service of process (and apparent principals) Ms. Rubio and Mr. Rubio (together, the "Rubios") to stipulate to a hearing on the Motion on shortened time; however, the Rubios have not responded to the Trustee's request. (Hayes Declaration ¶13). Specifically, counsel for the Trustee e-mailed letters to RAIX and SVTIX c/o the Rubios on October 13, 2014 at 6:31 p.m. and on October 16, 2014 at

2

1:20 p.m. explaining the urgency of the Trustee's Motion and requesting that RAIX and SVTIX stipulate to a hearing on shortened time. (Hayes Declaration ¶13, Exhibits C, D). As of the filing of this ex parte application, counsel for the Trustee has not received any response from RAIX, SVTIX, or the Rubios. (Hayes Declaration ¶14).

      6.     The Trustee has not previously sought any time modification on her Motion. (Hayes Declaration ¶14).

      7.     The effect of granting the Chapter 11 Trustee's *ex parte* application would be a prompt hearing on the Motion, which is critical to the Trustee's preservation of the estate's primary asset. (Hayes Declaration ¶15).

      8.     By way of background, the Chapter 11 Trustee was appointed by the Bankruptcy Court for cause, by order entered on August 5, 2014. (Hayes Declaration ¶16, Exhibit E). The basis for the Motion to Appoint Chapter 11 Trustee is alleged breaches of fiduciary duties by the Rubios, due to their alleged failure to segregate creditors' funds and failure to pay those funds to creditors as required under the Debtor's confirmed chapter 11 plan (from a prior bankruptcy case filed in 2001, Bankruptcy Case No. 01-55137-ASW ). (Hayes Declaration ¶17, Exhibit F). The chapter 11 plan confirmed by the Debtor in its prior case called for payments in full to Debtor's creditors from profits generated by the Debtor under its Lease. (Hayes Declaration ¶ 17, Exhibit G, Goodsell Declaration, p.3: ¶5). In March 2013, the Bankruptcy Court in the prior chapter 11 case issued a Memorandum Decision that stated that "Debtor's past Plan violations [were] caused largely by Mr. Rubio's lack of diligence in complying with the Plan and Ms. Rubio's lack of accounting sophistication and failure to understand the Plan's requirements." (Hayes Declaration ¶17, Exhibit G, Goodsell Declaration, Memorandum Decision attached thereto, p. 30:19-22).

For the foregoing reasons, the Chapter 11 Trustee requests that the Court issue an order shortening time as follows:

(A) setting the Trustee's Motion to Compel and for Sanctions for hearing during the week of October 20, 2014 to October 24, 2014;

(B) providing that, by no later than 5:00 p.m. on the first business day following entry of the order shortening time, Trustee's counsel shall file and serve the Motion and accompanying

pleadings, and shall serve the order shortening time on RAIX and SVTIX by e-mail and overnight mail; and

    (C) providing that objections to the Motion, if any, may be filed in writing in advance of the hearing or asserted orally on the record at the hearing on the Motion.

DATED: October 17, 2014        Respectfully submitted,

McKENNA LONG & ALDRIDGE LLP

By:    /s/Jennifer C. Hayes, Esq., CSBN 197252
Jennifer C. Hayes
Attorneys for Janina M. Hoskins,
Chapter 11 Trustee

USW 804733204.1