Michael A. Isaacs, State Bar No. 99782
Jennifer C. Hayes, State Bar No. 197252
McKENNA LONG & ALDRIDGE LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:    415.267.4000
Facsimile:    415.267.3877
misaacs@mckennalong.com
jhayes@mckennalong.com

Attorneys for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SILICON VALLEY<br>TELECOM EXCHANGE, LLC,<br>250 Stockton Ave.<br>San Jose, CA 95126<br>SANTA CLARA-CA<br>Tax ID / EIN: 77-0510895,<br><br>          Debtor. | Case No: 14-52449 MEH<br>Chapter 11<br>Hon. M. Elaine Hammond<br><br>**MEMORANDUM IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION TO COMPEL AND FOR CONTEMPT SANCTIONS**<br><br>Date: October 22, 2014<br>Time: 10:00 a.m.<br>Ctrm: United States Courthouse<br>     280 South First Street, Room 3035<br>     San Jose, California 95113 |

Janina M. Hoskins, Chapter 11 Trustee of the estate of the above Debtor, files this Memorandum in support of her Motion to Compel and for Contempt Sanctions and in support thereof states as follows:

**I.
THE ESTATE'S PRINCIPAL ASSET IS A REAL PROPERTY LEASE AND THE TRUSTEE HAS A DEADLINE TO ASSUME OR REJECT THAT LEASE**

The estate's principal asset is a master lease (the "Lease") between the Debtor and the San Jose Unified School District (the "Landlord"), of a large, approximately 98,500 square foot warehouse property and annex at 250 Stockton Avenue in San Jose, California (the "Property"). (Declaration of Jennifer C. Hayes in support of Motion to Compel and for Contempt Sanctions ("Hayes Declaration") ¶2, Exhibit A). The Lease runs for 25 years beginning May 1, 1999, with

an extension of up to five years at the Landlord's discretion. (*Id.*) The deadline for the Trustee to assume or reject the Lease is January 2, 2015, pursuant to a stipulation in which the Landlord granted the Trustee a 90-day extension. (Hayes Declaration ¶3, Exhibit B). An order approving the stipulation to extend time to assume or reject the Lease was entered by the Bankruptcy Court on October 2, 2014. (*Id.* ¶4, Exhibit C).

## II.
## THE CHAPTER 11 TRUSTEE WAS APPOINTED IN THIS CASE FOR CAUSE

Approximately two months after the Debtor filed its current bankruptcy case, the Court appointed a Chapter 11 Trustee. (Hayes Declaration ¶5, Exhibit D). The Motion to Appoint Chapter 11 Trustee was filed by the Debtor's principal creditor, Campeau Goodsell Smith, who was Debtor's bankruptcy counsel in its prior Chapter 11 case. (Hayes Declaration ¶6, Exhibit E). The basis for the Motion to Appoint Chapter 11 Trustee was alleged breaches of fiduciary duties by Fred Rubio and Karen Rubio, due to their alleged failure to segregate creditors' funds and failure to pay those funds to creditors as required under the Debtor's confirmed chapter 11 plan from a prior bankruptcy case. (*Id.*). The Court granted the Motion to Appoint Chapter 11 Trustee via order entered on August 5, 2014. (Hayes Declaration ¶5, Exhibit D).[1]

## III.
## SUBPOENA RESPONDENTS RAIX AND SVTIX ARE INSIDERS WHO ARE COLLECTING RENTS GENERATED PURSUANT TO THE LEASE

The Trustee is informed and believes that RAIX, LLC ("RAIX") and Silicon Valley Telecom & Internet Exchange, LLC ("SVTIX") are insiders of the Debtor. (Hayes Declaration ¶8). The Trustee is informed and believes that RAIX and SVTIX have signed subleases with the Debtor. (Hayes Declaration ¶9, Exhibits G, H). The Trustee is informed and believes that the

---

[1] The Debtor filed its prior bankruptcy case in 2001, Bankruptcy Case No. 01-55137-ASW. The Chapter 11 plan confirmed by the Debtor in its prior chapter 11 case called for payments in full to Debtor's creditors from profits generated by the Debtor under its Lease. (Hayes Declaration ¶7, Exhibit F, p.5:9-12). In March 2013, the Bankruptcy Court in the prior chapter 11 case issued a Memorandum Decision that stated that "Debtor's past Plan violations [were] caused largely by Mr. Rubio's lack of diligence in complying with the Plan and Ms. Rubio's lack of accounting sophistication and failure to understand the Plan's requirements." (*Id.*, p.30:20-22).

Debtor's members are the same as the members of RAIX and SVTIX.

RAIX and SVTIX are collecting the only rents generated by the Property; however, they refuse to provide the Trustee documents regarding these rents (*e.g.*, sub-sub leases or similar agreements, bank records, etc.). (Hayes Declaration ¶10) The Trustee does not have the information she needs to calculate what amounts RAIX and SVTIX are collecting from their use of the Property. (Hayes Declaration ¶11). The Trustee does not have copies of the agreements between RAIX and/or SVTIX and the sub-sub tenants of the Property. (Hayes Declaration ¶12). In order for the Trustee to continue paying the monthly obligations under the Lease and so the Trustee has rental information for interested assignees, it is imperative that the Trustee have all information necessary to track the monies generated by the use of the Property. (Declaration, ¶13). The Trustee has very limited time to obtain this information, because the deadline to assume or reject the Lease is January 2, 2015. (Hayes Declaration ¶14).

## IV.
## THE TRUSTEE SERVED SUBPOENAS ON RAIX AND SVTIX

On September 22, 2014, the Trustee caused RAIX and SVTIX to be served with subpoenas issued by the United States Bankruptcy Court for the Northern District California (together, the "Subpoenas"). (Hayes Declaration ¶15, Exhibit I). The Subpoenas were served on the registered agents for service of process for RAIX and SVTIX, Karen Rubio (RAIX) and Fred Rubio, II (SVTIX). (*Id.*). The Subpoenas required production of documents to McKenna Long & Aldridge's San Francisco office by October 7, 2014 at 2:00 p.m. (*Id.*)

## V.
## RAIX AND SVTIX'S OBJECTIONS TO THE SUBPOENAS SHOULD BE OVERRULED

RAIX and SVTIX served responses and objections to the Subpoenas but did not file a motion to quash the Subpoenas. (Hayes Declaration ¶16, Exhibit J). Although lengthy, the objections are essentially based on the attorney-client privilege and relevance. Arguably, RAIX and SVTIX have waived their objections by failing to file timely a motion to quash. Fed. R. Bankr. Proc. 9016; Fed. R. Civ. Proc. 45(d)(3). However, even if RAIX and SVTIX have not waived their objections to the Subpoenas, their objections should be overruled. The Trustee is not

seeking documents protected by the attorney-client privilege or work product doctrine (if any such documents exist). (Hayes Declaration ¶17). The documents identified in the Subpoena are clearly relevant. The primary asset of this estate is the Lease. (Hayes Declaration ¶2). RAIX and SVTIX have information regarding the monies being generated as a result of the Lease. (Hayes Declaration ¶18). The Subpoenas seek this information. (Hayes Declaration ¶15, Exhibit I). Specifically, the Subpoenas seek the following documents.

    1.    Each and every DOCUMENT that evidences or relates to the sublease(s) between YOU [*i.e.* SVTIX/RAIX] and DEBTOR regarding the PROPERTY.

    2.    Each and every DOCUMENT that evidences or relate to any agreement(s) between YOU [*i.e.* SVTIX/RAIX] and DEBTOR.

    3.    Each and every DOCUMENT that evidences or relate to any agreement(s) between [RAIX and SVTIX].

    4.    Each and every DOCUMENT that evidences or relates to any and all "sub-sublease(s)" of the PROPERTY between YOU [*i.e.* SVTIX/RAIX] and any individual or entity.

    5.    YOUR [*i.e.* SVTIX/RAIX] accounting records for 2011, 2012, 2013, and 2014 including any and all of YOUR Quickbooks records for 2011, 2012, and 2013.

    6.    YOUR [*i.e.* SVTIX/RAIX] federal and state income tax returns for 2011, 2012, and 2013.

    7.    YOUR [*i.e.* SVTIX/RAIX] balance sheet and income statement for 2011, 2012, 2013, and 2014.

    8.    YOUR [*i.e.* SVTIX/RAIX] rent rolls for the PROPERTY.

    9.    Each and every DOCUMENT that evidences or relates to any financial account(s) for which YOU [*i.e.* SVTIX/RAIX] are an account holder, including monthly account statements and the front and back side of checks written on the account(s).

    10.    Each and every DOCUMENT that evidences or relates to any bill paid by YOU [*i.e.* SVTIX/RAIX] regarding the PROPERTY, including but not limited to rent, insurance policies, insurance premium notices, and utility bills.

    11.    Each and every DOCUMENT that evidences or relates to any income received by YOU or on YOUR behalf regarding the PROPERTY.

    12.    The name and current contact information for each accountant(s) and/or bookkeeper(s) who has provided services to YOU [*i.e.* SVTIX/RAIX] in 2011, 2012, 2013, and/or 2014.

13. Each and every DOCUMENT that evidences or relates to YOUR [*i.e.* SVTIX/RAIX] COMMUNICATIONS with DEBTOR.

14. Each and every DOCUMENT that evidences or relates to [the COMMUNICATIONS between SVTIX and RAIX].

(Hayes Declaration ¶15, Exhibit I).

The Subpoenas seek documents that will assist the Trustee in her evaluation of the monies currently and historically generated as a result of the Lease. Such information will assist the Trustee in: (1) meeting her monthly rent obligations under the Lease; and (2) providing information to interested assignees regarding the rents being generated by the Property on a current basis and an historical basis. (Hayes Declaration ¶19).

## THE TRUSTEE REQUESTS ENTRY OF AN ORDER COMPELLING RAIX AND SVTIX TO COMPLY WITH THE SUBPOENAS

The Trustee requests that the Court enter an order compelling RAIX and SVTIX to turn over to the Chapter 11 Trustee, by no later than October 31, 2014, unredacted copies of all documents identified in the Subpoenas, other than documents protected by the attorney-client privilege or work product doctrine, if any, *e.g.* communications between RAIX and its attorneys or SVTIX and its attorneys.

The Trustee further requests that the order require RAIX and SVTIX to provide a privilege log, by no later than October 31, 2014, as to each document withheld based on a claim of privilege, and requiring such privilege log to be signed under penalty of perjury and to identify the name, date, author, and recipient of each document listed on the privilege log.

The Trustee further requests that the Court enter an order setting a deadline of October 31, 2014 for RAIX and SVTIX to file a declaration, sworn under penalty of perjury attesting which document(s) identified in the Subpoenas: (a) never existed; (b) existed at one time but no longer exists; and/or (c) is no longer in the possession, custody, or control of RAIX and/or SVTIX. As to documents that never existed, the declaration should explain why the documents never existed. As to documents that existed at one time but no longer exists, the declaration should explain why the document no longer exists, when it ceased to exist, and what caused it to cease to exist. As to each document that is no longer in the possession, custody, or control of RAIX and/or SVTIX, the

5

declaration should explain why each such document is no longer in the possession, custody, or control of RAIX and/or SVTIX, and provide the best available e-mail address, telephone number, and name of the person or entity that has possession, custody, or control over each such document.

## VI.
## CONTEMPT SANCTIONS ARE WARRANTED

The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. Proc. 45(g); Fed. R. Bankr. Proc. 9016. In addition, it is well established that a bankruptcy court has authority to exercise civil contempt power. *In re Hercules Enterprises, Inc.*, 387 F.3d 1024, 1027-28 (9th Cir. 2004); 11 U.S.C. §105(a); Fed. R. Bankr. Proc. 9020.

The Trustee is informed and believes that RAIX and SVTIX have failed without adequate excuse to obey the Subpoenas. (Hayes Declaration ¶20). Accordingly, the Chapter 11 Trustee respectfully requests that the Court issue an order imposing contempt sanctions on RAIX and SVTIX to coerce their compliance with the Subpoenas. *See Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011) (request for contempt order may be initiated by motion).

In a civil contempt proceeding, the Court has discretion to impose a fine, payable to the aggrieved party, as compensation for damages sustained as a result of the contemnor's conduct. *E.g., In re Summers*, 213 B.R. 825, 829 (N.D. Ohio 1996) (citing cases). The Chapter 11 Trustee requests that the Court award her attorney fees according to proof in connection with her efforts to obtain RAIX and SVTIX's compliance with the Subpoenas.

## VII.
## CONCLUSION

Based on the foregoing, the Trustee respectfully requests entry of an order compelling RAIX and SVTIX to comply with the lawfully issued Subpoenas and holding RAIX and SVTIX in contempt. Specifically, the Chapter 11 Trustee seeks entry of an order:

(1) overruling the objections of RAIX and SVTIX to the Subpoenas;

(2) compelling RAIX and SVTIX to turn over to the Chapter 11 Trustee unredacted copies of all documents identified in the Subpoenas by no later than October 31, 2014, provided however

that RAIX and SVTIX need not turn over documents protected by the attorney-client privilege or work product doctrine, if any, such as communications between the RAIX and its attorneys or SVTIX and its attorneys;

(3) requiring RAIX and SVTIX, by no later than October 31, 2014, to provide to the Chapter 11 Trustee a privilege log as to each document withheld based on a claim of privilege and requiring the privilege log to be signed under penalty of perjury and to identify the name, date, author, and recipient of each document listed on the privilege log;

(4) providing that the documents and privilege log shall be produced to the Chapter 11 Trustee c/o Jennifer C. Hayes, McKenna Long & Aldridge LLP, Spear Tower, One Market Plaza, 24th Floor, San Francisco, California 94105; (415) 267-4000; jhayes@mckennalong.com;

(5) requiring RAIX and SVTIX to file a declaration, sworn under penalty of perjury, by no later than October 31, 2014, attesting which document(s) identified in the Subpoenas: (a) never existed; (b) existed at one time but no longer exists; and/or (c) is no longer in the possession, custody, or control of RAIX and/or SVTIX. As to documents that never existed, the declaration should explain why the documents never existed. As to documents that existed at one time but no longer exists, the declaration should explain why the document no longer exists, when it ceased to exist, and what caused it to cease to exist. As to each document that is no longer in the possession, custody, or control of RAIX and/or SVTIX, the declaration should explain why each such document is no longer in the possession, custody, or control of RAIX and/or SVTIX, and provide the best available e-mail address, telephone number, and name of the person or entity that has possession, custody, or control over each such document;

(6) determining that RAIX was without adequate excuse to obey the Subpoena, holding RAIX in contempt, and imposing contempt sanctions on RAIX; and

(7) determining that SVTIX was without adequate excuse to obey the Subpoena, holding SVTIX in contempt, and imposing contempt sanctions on SVTIX.

| | | |
|---|---|---|
| DATED: October 20, 2014 | | Respectfully submitted, |
| | | McKENNA LONG & ALDRIDGE LLP |
| | | By: /s/Jennifer C. Hayes, Esq., CSBN 197252 |
| | | Jennifer C. Hayes |
| | | Attorneys for Janina M. Hoskins, |
| | | Chapter 11 Trustee |

USW 804735039.1