Michael A. Isaacs, State Bar No. 99782
Jennifer C. Hayes, State Bar No. 197252
McKENNA LONG & ALDRIDGE LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: 415.267.4000
Facsimile: 415.267.4198
misaacs@mckennalong.com
jhayes@mckennalong.com

Attorneys for Janina M. Hoskins,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

SILICON VALLEY
TELECOM EXCHANGE, LLC,
250 Stockton Ave.
San Jose, CA 95126
SANTA CLARA-CA
Tax ID / EIN: 77-0510895,

Debtor.

Case No: 14-52449 MEH
Chapter 11
M. Elaine Hammond

**CHAPTER 11 TRUSTEE'S MOTION: (1) TO ASSUME AND ASSIGN NONRESIDENTIAL REAL PROPERTY LEASE; AND (2) TO SELL ESTATE'S RIGHT, TITLE, AND INTEREST IN PROPERTY, FREE AND CLEAR OF INTERESTS**

**REQUEST FOR FINDINGS UNDER 11 U.S.C. § 363(m)**

Date: January 29, 2015
Time: 10:30 a.m.
Ctrm: United States Courthouse
  280 South First Street, Room 3070
  San Jose, California 95113

**AFFECTED INTEREST HOLDERS**: RAIX, LLC, SILICON VALLEY INTERNET & TELECOM EXCHANGE, LLC, FRED RUBIO, KAREN RUBIO, RUBIO & ASSOCIATES, INC., THE FRANCHISE TAX BOARD, THE EMPLOYMENT DEVELOPMENT DEPARTMENT, THE INTERNAL REVENUE SERVICE, THE SANTA CLARA COUNTY TAX COLLECTOR, AND PACIFIC GAS & ELECTRIC COMPANY

Janina M. Hoskins, Chapter 11 Trustee (the "Trustee") of the estate of the above Debtor, hereby files her Motion: (1) to Assume and Assign Nonresidential Real Property Lease; and (2) to Sell Estate's Right, Title, and Interest in Property Free and Clear of Interests and in support

1

thereof states as follows:

The Trustee is in the process of finalizing an asset purchase agreement, which provides tfor the assumption, assignment, and sale of the estate's right, title and interest in the nonresidential real property Lease Agreement dated February 18, 1999 (the "Lease"), as amended, between the San Jose Unified School District (the "Landlord") and the Debtor of the real property commonly known as 250 Stockton Avenue in San Jose, California (the "Premises") and related property, free and clear of specified interests. The Asset Purchase Agreement provides that a condition precedent to the sale is that the Bankruptcy Court enters an order approving the sale that is acceptable to the buyer, Cerulean Global Services, LLC ("Cerulean") in Cerulean's sole and absolute discretion by January 29, 2015. The order proposed by Cerulean is attached to the Motion as **Exhibit 1** (the "Order"). The Order provides, *inter alia*, as follows:

1. for the Trustee to assume, assign, and sell to Cerulean the estate's right, title and interest in the Lease;

2. for the Trustee to sell the estate's right, title, and interest in property related to the business operated at the Premises, as more particularly described in the supporting Memorandum;

3. for the sale of the estate's right, title, and interest in the Lease and related property located at the Premises or used in connection with the Premises, free and clear of any interests of RAIX, LLC, Silicon Valley Telecom & Internet Exchange, LLC, Fred Rubio, Karen Rubio, Rubio & Associates, Inc., the California Franchise Tax Board, the Employment Development Department, the Internal Revenue Service, the Santa Clara County Tax Collector, and Pacific Gas & Electric Company;

4. for the Trustee to make a cure payment to the Landlord promptly upon approval of this Motion, which cure payment is believed to be approximately $281,878;

5. pursuant to the declaration of Robert Taylor, for a finding, pursuant to 11 U.S.C. § 363(m), that the purchaser (Cerulean Global Services, LLC) is in good faith; and

6. for other relief as more particularly set forth in the Order.

The Trustee requests that that the order to assume, assign, and sell be effective immediately upon entry and provide that no automatic stay of execution, pursuant to Rule 62(a) of

the Federal Rules of Civil Procedure, Bankruptcy Rules 6004(h), 6006(d), or otherwise, shall apply with respect to the Order.

This Motion is made pursuant to 11 U.S.C. §§ 363(b), 363(f)(2) (consent), 363(f)(4) (*bona fide* dispute), 363(m), 365 and Federal Rules of Bankruptcy Procedure 6004 and 6006.

This Motion is supported by the Chapter 11 Trustee's Memorandum of Points and Authorities, the Declaration of Janina M. Hoskins, the Declaration of Robert Taylor of Cerulean Global Services, LLC, the pleadings in this case, and other evidence or documents as may be presented to the Court at or before the hearing.

DATED: January 9, 2015              Respectfully submitted,

McKENNA LONG & ALDRIDGE LLP


By:     /s/Jennifer C. Hayes, Esq., CSBN 197252
    Jennifer C. Hayes
    Attorneys for Janina M. Hoskins,
    Chapter 11 Trustee

USW 804831480.2

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

DIVISION

| | |
|---|---|
| In re:<br><br>SILICON VALLEY TELECOM EXCHANGE, LLC,<br><br>Debtor. | CASE NO. 14-52449 CN<br><br>CHAPTER 7<br><br>**ORDER APPROVING MOTION (1) TO ASSUME AND ASSIGN NONRESIDENTIAL REAL PROPERTY LEASE; (2) TO SELL ESTATE'S RIGHT, TITLE AND INTEREST IN PROPERTY FREE AND CLEAR OF INTERESTS, AND (3) FOR MODIFICATION OF ORDER.** |

A hearing on the Motion: (1) to Assume and Assign Nonresidential Real Property Lease; (2) to Sell Estate's Right, Title and Interest in Property Free and Clear of Interests; and (3) for Modification of Order (Dkt. # 68) (such motion, the "Sale Motion"), filed by Janina M. Hoskins, the chapter 11 trustee (the "Trustee") appointed in the above-captioned Chapter 11 bankruptcy case of Silicon Valley Telecom Exchange, LLC ("SVTX" or the "Debtor"), was held before this Court on January 29, 2015 at 10:30 a.m. (the "Sale Hearing"); appearances were as noted on the record.

Having considered the Sale Motion and all related pleadings, any opposition thereto, the arguments of counsel, and the evidence presented at the hearing,

THE COURT FINDS AND CONCLUDES THAT:

EXHIBIT 1

A. Notice of the Sale Motion was proper and adequate. As evidenced by the affidavits of service on file with the Court, (i) due, proper, timely and sufficient notice, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale Motion is or shall be required.

B. The Court has jurisdiction over the Sale Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. §§ 1408 and 1409.

C. The statutory bases for the relief sought in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 6006.

D. As demonstrated by (i) evidence adduced at and prior to the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Trustee has determined that the Asset Purchase Agreement[1] with Cerulean Global Services, LLC ("Cerulean" or "Buyer") represents the highest and/or best offer for the Purchased Assets and that no further marketing or sales process with respect to the Purchased Assets is in the best interests of the Debtor's estate or creditors or is likely to lead to an offer that provides consideration in excess of the consideration provided in the Asset Purchase Agreement.

E. Notice of the Trustee's assumption, assignment, and sale to Buyer of the Real Property Lease has been provided to the Landlord, together with the amount to be paid to the Landlord under section 365(b) of the Bankruptcy Code as a condition to such assumption, assignment, and sale (the "Cure Amount").

Based on the foregoing and the findings and conclusions stated orally in the record, and good cause appearing therefore,

---

[1] The Asset Purchase Agreement shall refer to the Asset Purchase Agreement entered into between the Trustee and Cerulean on or around [January 12, 2015]. Capitalized terms used but not defined in this Order shall have the meaning given to them in the Asset Purchase Agreement.

**EXHIBIT 1**

IT IS HEREBY ORDERED THAT:

1. The Sale Motion is GRANTED and the sale to Buyer is approved as the highest and best offer for the Purchased Assets.

2. The notice of the Sale Motion and the hearing thereon is approved as proper and adequate under the circumstances.

3. The Asset Purchase Agreement and the transactions contemplated therein are approved as in the best interest of the Debtor, its estate, and its creditors.

4. The Trustee, on behalf of the Debtor's estate, is authorized to sell the estate's interest in the Purchased Assets to Buyer for the Purchase Price set forth in the Asset Purchase Agreement, and in accordance with the terms and conditions that are set forth in the Asset Purchase Agreement.

5. The Purchased Assets include the property listed on Schedule 2.1(n) to the Asset Purchase Agreement (the "Scheduled Property").

6. The following items of Scheduled Property are fixtures on the Premises (the "Scheduled Property Fixtures"), and thus constitute "interests" in the Real Property Lease and the Premises under 11 U.S.C. § 363(f):

- 4 diesel generators and load banks:
    - 3- 1.25 MW all parallel;
    - 1 – 1.5 MW stand-alone;
    - 1 – load bank for 3 generators;
    - load bank for the stand-alone generator;
- 22 – CRACS computer room air conditioner units
- 25+ evaporative cooling units on top of the roof units
- 300 + computer racks

7. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon Closing, the sale of the Purchased Assets will vest in the Buyer all right, title, and interest of the Debtor and the bankruptcy estate in the Purchased Assets, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

EXHIBIT 1

a. All interests of RAIX and SVTIX in the Purchased Assets, including without limitation (i) any interest in the Real Property Lease and the Premises pursuant to the RAIX Sub-Lease and the SVTIX Sub-Lease or for any other reason; (ii) any interest in the Scheduled Property and the Scheduled Property Fixtures pursuant to the RAIX Sub-Lease and the SVTIX Sub-Lease or for any other reason;

b. All Liens asserted or that could be asserted on any of the Purchased Assets, or any other interests asserted or that could be asserted in the Purchased Assets, by:

- the Internal Revenue Service on account of Proof of Claim No. 1 filed on June 16, 2014 for unassessed 2014 taxes in the amount of $100 or for any other reason;
- the County of Santa Clara Office of the Tax Collector on account of Proof of Claim No. 5 filed on September 12, 2014 as a priority tax claim in the amount of $105,562.99, or for any other reason;
- the Franchise Tax Board on account of any claim against the Debtor or for any other reason;
- the Employment Development Department; and
- Pacific Gas & Electric Company.

c. All interests in the Purchased Assets, including without limitation the Scheduled Property Fixtures, claimed or asserted by SVTIX, RAIX, Fred Rubio, Karen Rubio, Rubio & Associates, Inc., and any Rubio Affiliate.

8. A sale of the Real Property Lease to Buyer free and clear of the SVTIX Sub-Lease and the RAIX Sub-Lease, is appropriate because such Sub-Leases are interests in property that are the subject of a bona fide dispute under 11 U.S.C. § 363(f)(4), or that satisfy one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code. Among other things, (i) the Landlord did not approve the RAIX Sub-Lease and the SVTIX Sub-Lease as required under the terms of the Lease, nor did the Landlord consent to RAIX or SVTIX having any possessory interest in the Premises; and (ii) the RAIX Sub-Lease and the SVTIX Sub-Lease

are currently in default, and the Trustee is entitled, on behalf of the Debtor's estate, to terminate each such Sub-Lease.

9. To the extent that SVTIX, RAIX, Fred Rubio, Karen Rubio, Rubio & Associates, Inc., or any Rubio Affiliate asserts ownership of, or any other interest in, the Purchased Assets or the Scheduled Property Fixtures, such an interest is subject to a bona fide dispute under 11 U.S.C. § 363(f)(4), and the Trustee is entitled to sell the Purchased Assets and the Scheduled Property Fixtures to the Buyer free and clear of any such claimed interest.

10. Unless the holders of the liens, claims or interests identified in paragraph 7 above have agreed to other treatment, upon Closing, their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Purchased Assets.

11. Upon the Closing, RAIX, SVTIX, Fred Rubio, Karen Rubio, Rubio & Associates, Inc., and any Rubio Affiliate shall have no interest of whatever kind or nature in the Premises, including without limitation the right to occupy any portion of the Premises.

12. Upon Closing, SVTIX, RAIX, each of their officers, agents, or employees, Fred Rubio, Karen Rubio, Rubio & Associates, Inc., and any Rubio Affiliate shall have no right to occupy any portion of the Premises.

13. Upon Closing, the Real Property Lease shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with its terms as such terms are modified by the Assumption, Assignment and Amendment of Lease entered into between Buyer and Landlord, or as otherwise agreed to by Buyer and Landlord. Pursuant to section 365(k) of the Bankruptcy Code, upon Closing, the Debtor's estate shall be relieved from any further liability with respect to the Real Property Lease after such assignment and sale to the Buyer; provided, however, that promptly upon receipt of the Cure Amount of $281,877.91 from Buyer at Closing in accordance with the Asset Purchase Agreement, Trustee shall pay the Cure Amount to Landlord. The Cure Amount is sufficient for the Trustee to comply with the requirements of section 365(b)(1)(A) and (B) of the Bankruptcy Code.

EXHIBIT 1

14. The Buyer has provided adequate assurance of its ability to perform its obligation under the Real Property lease within the meaning of section 365(f)(2)(B) of the Bankruptcy Code.

15. Upon Closing, all defaults or other obligations of the Debtor under the Real Property Lease shall be deemed cured and any pecuniary loss arising therefrom deemed compensated, upon payment of the Cure Amount with respect thereto, if any, and the Buyer shall have no liability or obligation arising or accruing in respect of the Real Property Lease on or prior to Closing.

16. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the Closing, all Affected Interests identified herein have been and hereby are adjudged and declared to be unconditionally released as to the Purchased Assets.

17. Buyer has not assumed any liabilities of the Debtor.

18. The Trustee, on behalf of the Debtor's estate, is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 7 of this Order, that are necessary or appropriate to effectuate or consummate the sale and the transactions contemplated in the Asset Purchase Agreement.

19. The Trustee, on behalf of the Debtor's estate, shall be authorized to make such disbursements on or after the Closing as are required by the Asset Purchase Agreement.

20. The Trustee and her agents are authorized to execute the Asset Purchase Agreement, or other related documents that are reasonably necessary or appropriate to complete the transactions contemplated in the Asset Purchase Agreement, and to undertake such other actions as may be reasonably necessary or appropriate to complete such transactions.

21. Except as otherwise provided in the Asset Purchase Agreement, the Purchased Assets shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis.

EXHIBIT 1

22. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

23. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

24. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) resolve any disputes arising under or related to the Asset Purchase Agreement, and (c) resolve any disputes regarding Liens, claims, or interests asserted against the Purchased Assets.

25. The Asset Purchase Agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

**END OF ORDER**

USW 804846718.1