

1  EDWARD F. CULLEN (CA Bar No. 133155)
   WILLIAMS, PINELLI & CULLEN, LLP
2  110 North Third Street
   San Jose, California 95112
3  Telephone:    (408) 288-3868
   Facsimile:    (408) 288-3860
4
   Attorneys for
5  SVTIX and RAIX

6
                    UNITED STATES BANKRUPTCY COURT
7
              NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
8

9  In re
           SILICON VALLEY TELECOM              CASE NO. 14-52449 MEH
10 EXCHANGE, LLC,
                                               SVTIX AND RAIX'S OPPOSITION TO
11         Debtor.                             CHAPTER 11 TRUSTEE'S MOTION TO
                                               ASSUME, ASSIGN, AND SELL ASSETS
12                                             FREE AND CLEAR OF SVTIX AND
                                               RAIX'S INTERESTS AND REQUEST
13                                             FOR ADEQUATE PROTECTION

14

15                                             DATE:  January 29, 2015
                                               TIME:  10:30 a.m.
16                                             Ctrm:  United States Courthouse
                                                      280 South First Street, Room 3070
17                                                    San Jose, California 95113

18

19     Silicon Valley Telecom & Internet Exchange, LLC ("SVTIX") and RAIX, LLC

20 ("RAIX") submit the following opposition to the Chapter 11 Trustee's motion to Assume,

21 Assign, and Sell Assets free and clear of SVTIX and RAIX's interests. Alternatively, if the

22 Chapter 11 Trustee is granted authority to sell the master lease and assets free and clear of

23 the interests of RAIX and SVTIX, RAIX and SVTIX request adequate protection.

24

25
        SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN,
26       AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR
                                    ADEQUATE PROTECTION

                                              1

## INTRODUCTION

The Chapter 11 Trustee seeks to assume and assign the Master Lease agreement between the San Jose Unified School District ("SJUSD") and SVTX to Cerulean Global Services, LLC ("Cerulean"). Pursuant to 11 USC Section 363(f)(2) and (4), the Trustee seeks to sell the Master Lease free and clear of SVTX's subleases with SVTIX and RAIX. However, motions to sell free and clear pursuant to §363 do not trump a non-debtor tenant's right pursuant to §365(h) retain possession of the leased premises after rejection of the lease. Additionally, even if §363 is applicable, there is no *bona fide* dispute which supports a sale of the Master Lease free and clear of SVTIX and RAIX's subleases and SVTIX and RAIX do not consent to the sale free and clear.

The Chapter 11 Trustee also seeks to sell certain assets which the Trustee states are set forth in an Asset Purchase Agreement ("ADA"). However, the Trustee has not attached the ADA to her motion and it is unclear what is actually being sold. However, some of general descriptions of assets being sold indicate that the Trustee is attempting to sell assets belonging to SVTIX and RAIX. While §363 permits assets to be sold free and clear of third parties' interest, it does not permit the sale of assets not owned by the Debtor. Consequently, the Trustee cannot sell assets owned by SVTIX and/or RAIX, including but not limited to UPS systems purchased and installed by SVTIX, transformers purchased and installed by SVTIX, and cabinet/racks purchased and installed by RAIX and SVTIX.

## I.

## STATEMENT OF FACTS

The San Jose Unified School District (SJUSD) is the owner of property located at 250 Stockton Ave. in San Jose, California. The site consists of a single two-story building of approximately 94,000 square feet located on 2.39 acres of land. In 1999 SJUSD leased

**SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION**

2

Case: 14-52449    Doc# 98    Filed: 01/21/15    Entered: 01/23/15 10:25:40    Page 2 of 12

("Master Lease") the entire property to Rubio and Associates, Inc. ("RA, Inc."). RA, Inc. subsequently assigned its interest in the master lease to Silicon Valley Telecom, Exchange, LLC ("SVTX").

Cognizant of the aggressive and expanding high-tech Internet business atmosphere that existed at the time, SVTX's business plan was to renovate the 250 Stockton Ave. property for conversion from a warehouse, to a use of the entire development project as a data center facility. The business model for the project was to sublease space in the building to third party internet and telecommunication companies to house their data servers which could be connected to the Internet. SVTX sole function was to act as a landlord and sublease space to third parties. SVTX spent more than $3 million renovating the building and property for the purpose of subleasing to telecommunication/internet companies. The physical characteristics of the building and its geographic location provided a perfect blend of factors to support the function planned for the location, a telecommunications facility.

In addition to offering a sturdy building capable of supporting a significant load factor, the former warehouse offered access to space immediately outside of the building to permit the construction of necessary support systems. Specifically, convenient space for a backup power system was at an additional factor contributing to the strong viability of this site for its intended use as a high-speed Internet facility. Although the local utility serves as the primary source of power to meet the incredible energy requirements of a data services provider, a reliable backup source of power must be available in case of an unexpected utility failure. As the Internet operates 24 hours a day, seven days a week and every day of the year, an Internet data provider must have immediate access to a backup power source in order to service its clients.

In a 1999 SVTX entered into three subleases encompassing all the space on the main

**SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION**

3

floor of the building and a portion of the basement at 250 Stockton Ave. The subleases SVTX entered into were with Verio, Inc., NTT America Inc., and Enron Broadband Services, Inc. Due to the higher ceilings on the first floor of the building, the tenants's servers and telecommunication equipment were located on the upper level of the premises, while support equipment and storage was located on the lower level of the building.

      NTT America, Inc. business operations required that NTT America, Inc. be able to connect with telecommunications carriers. In 2000, Fred Rubio formed Silicon Valley Telecom & Internet Exchange LLC ("SVTIX") to provide the connection services at 250 Stockton Ave. so that SVTX would not deviate from its sole function as a landlord leasing entity and so SVTX would not assume liability that could result from providing connecting services for telecommunication carriers. SVTIX leased space from SVTX in the basement of 250 Stockton Ave. and used its leased space to connect telecommunication carriers to building subtenants and other telecommunication carriers through the "Meet-Me-Room". SVTIX spent more than $300,000.00 constructed the Meet-Me-Room. Carriers that did not already have a presence in the Stockton Avenue building could lease space from SVTIX to have a "Point of Presence" (POP) to be cross-connected with other telecommunication carriers in the building. In 2001, Enron filed a Chapter 11 Bankruptcy petition and in early 2002 terminated its lease with SVTX. After Enron vacated its subleased space, SVTIX began subleasing, pursuant to a written sublease, a portion of the space to provide colocation services to customers. The Enron space was not designed for colocation so SVTIX had to reconfigure and reconstruct the space for colocation use, including but not limited to purchasing and installing: additional Uninterruptible Power Supply ("UPS") systems, electrical subpanels, ladder racking, and cabinets to house customers' computer servers. SVTIX has purchased more than 200 cabinets to house customers' servers.

SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION

4

Case: 14-52449    Doc# 98    Filed: 01/21/15    Entered: 01/23/15 10:25:40    Page 4 of 12

SVTX filed for Chapter 11 bankruptcy protection in 2001 (United States Bankruptcy Court, Northern District of California - Case No. 01-55137.) due to insufficient cash flow. Enron's bankruptcy and subsequent lease termination only made cash flow problems worse. A joint plan of reorganization was proposed by RA, Inc., SVTX and SVTIX and involved paying SVTX's creditors with incomes from the three entities. The plan was confirmed in 2007.

In or about 2011, Fred Rubio formed RAIX, LLC to also provide colocation services. RAIX entered into a written sublease with SVTX. RAIX was formed because SVTX creditors complained that SVTIX could not use income to expand infrastructure for new customers. Consequently, RAIX paid to construct infrastructure for new customers. The infrastructure include the purchase and installation of electrical subpanels, ladder racks, and 50 cabinets for customers' computer servers.

In 2013, SVTX was again experiencing cash flow problems and began missing Master Lease rent payments to the SJUSD. The SJUSD filed an Unlawful Detainer complaint ("UD Action") in the Santa Clara County Superior Court in 2013. SVTX, SVTIX, RAIX, and the SJUSD entered into a Stipulation and Order which was filed in the UD Action and required, in part, SVTX to make regular monthly rent payments plus and specified additional amount each month to cure the rent in arrears plus other addition expenses. (The Stipulation and Order is attached as Exhibit A to the Declaration of F. Rubio.) The Stipulation and Order further provided that SVTIX and RAIX could remain on the premises as valid and acknowledged sublessees subject to the terms of the Stipulation and Order and could remain in possession as sublessees thereafter. (Stipulation and Order, *supra.*, para. 5.)

In June 2014, it was apparent that SVTX had insufficient funds to pay the June 2014 monthly rent to the SJUSD and the additional amount pursuant to the Stipulation and Order.

**SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION**

5

Case: 14-52449   Doc# 98   Filed: 01/21/15   Entered: 01/23/15 10:25:40   Page 5 of 12

Consequently, SVTX filed a Chapter 11 Bankruptcy petition for the case herein to prevent loss of the Master lease.

It is SVTIX and RAIX's intention to assert their rights pursuant to 11 USC Section 365(h)(1)(A)(ii) and remain in possession of the leased premises. Alternatively, if the Court permits the sale of the Master Lease and tangible personal property free and clear of SVTIX and RAIX's interests, SVTIX and RAIX request adequate protection pursuant to 11 USC Section 363.

## II.
## LEGAL ARGUMENT

A. **The Trustee may not sell the Master Lease free and lear of SVTIX and RAIX's subleases because 11 USC Section 363(f) cannot divest a lessee of its 11 USC Section 365(h) possessory rights .**

11 USC Section 365(h)(1)(A)(ii) provides that if a trustee rejects an unexpired lease of real property under which the debtor is the lessor and the term of the lease has commenced, the non-debtor lessee may retain its rights under the lease, including the right of possession.

In this matter bar, SVTIX and RAIX's leases have commenced and they seek to assert their right to continued possession as provided by 365(h). The Trustee impermissibly seeks to trump SVTIX/RAIX right of continued possession granted by 365(h) and implied claims that 363(f) supercedes 365(h).

Congress, in enacting 365(h), sought to codify the balance between the rights of the debtor-lessors and the rights of non-debtor tenants by preserving certain expectation of the parties to real estate lease. Congress concluded that the rejection of a lease by a debtor-lessor

SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION

6

Case: 14-52449    Doc# 98    Filed: 01/21/15    Entered: 01/23/15 10:25:40    Page 6 of 12

should not deprive a tenant of his estate for the term for which the tenant bargained. H.R. Rep. No. 595, 95th Cong., 1st Sess. 349-350 (1977); S. Rep. No. 989, 95th cong., 2d Sess. 60 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787. In *In re Taylor*, 198 B.R. 142, 164-164 (Bankr. D.S.C. 1996), the court concluded that 365(h) is the debtor's exclusive remedy for addressing leasehold interests because "specific legislation governs general legislation" and the legislative history regarding 365 demonstrates a clear intent that a tenant shall not be deprived of his leasehold interest which was bargained for and 365(h) preserves the expectation of the parties. In *In re Churchill Props. III, L.P.*, 197 B.R. 283, 288 (Bankr. N.D. Ill. 1996), the court states that it would not make sense to permit a general provision such as §363(f) to override Congress's determination that lessees have the option to remain in possession of the leased property.

Consequently, general provisions of §363(f) do not supercede the specific legislation of §365(h), giving a tenant the right to retain possession of the leased premises upon rejection of the lease. As such, the Trustee's reliance on §363(f) to sell the Master lease free and clear of SVTIX and RAIX sublease interests is misplaced.

B. **Even if 11 USC Section 363(f) trumps 11 USC 365(h), the Trustee still cannot sell the Master Lease free and clear of SVTIX and RAIX's sublease interests because they do not consent to the sale free and clear of the subleases and there is no bona fide dispute concerning the validity of the subleases.**

The Chapter 11 Trustee seeks to sell the Master Lease to Cerulean free and clear of the SVTIX and RAIX subleases pursuant to 363(f)(2) - consent and (f)(4) - *bona fide* dispute. (Trustee's Memorandum of Points and Authorities, p. 8, lines 17-25.)

SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION

7

Case: 14-52449    Doc# 98    Filed: 01/21/15    Entered: 01/23/15 10:25:40    Page 7 of 12

1   To begin with, the Trustee cannot sell the Master Lease free and clear of the
2   subleases pursuant to 363(f)(2) because SVTIX and RAIX do not consent to the sale of the
3   Master Lease free and clear of their sublease interests.
4   Second, there is no bona fide dispute. The Trustee claims there is a *bona fide*
5   dispute because SVTX failed to obtain consent of the landlord, SJUSD, to the subleases.
6   However, there is a written agreement whereby the SJUSD consented to the subleases of
7   SVTIX and RAIX. As set forth in the Statement of Facts above, the SJUSD filed and
8   unlawful detainer action and the matter was resolved by Stipulation and Order. The
9   Stipulation and Order permitted SVTIX and RAIX to remain as subleases while SVTX cured
10  the defaults under the Master Lease and that SVTIX and RAIX would remain as valid
11  subleases after performance under the Stipulation and Order was fully performed. SVTX's
12  current possession 250 Stockton Ave. under the Master Lease is now based on the Stipulation
13  and Order and once SVTX cures the defaults under the Master Lease necessary for
14  assumption of the lease, the obligations of the Stipulation and Order will have been
15  completed. Consequently, there is a written agreement consenting to the SVTIX and RAIX
16  subleases.

C.   **The Trustee's Motion to sell is deficient since the Trustee failed to attach the Asset Purchase Agreement referenced in her motion so that the parties and the Court know exactly what assets are being sold.**

The Trustees motion to sell the Master Lease and Assets is deficient because the motion fails to include the agreement as to what exactly the Trustee is selling. The actual agreement is necessary for the parties to understand what is being sold as well as provide potential bidders with an understanding as to what they are bidding on. Consequently, the lack of attached sales agreement renders the Trustee's motion

SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION

8

Case: 14-52449    Doc# 98    Filed: 01/21/15    Entered: 01/23/15 10:25:40    Page 8 of 12

deficient.

**D.	The Trustee's Motion to sell assets must be denied to the extent the Trustee purports to sell assets that do not belong to SVTX.**

11 USC Section 363(b)(1) provides that after notice and hearing, a trustee may sell "property of the estate".

In the matter at bar, it appears that the Trustee is attempting to sell property belonging to SVTIX and RAIX. It is unclear exactly what property is being sold because the Trustee has failed to attach to its motion the Asset Purchase Agreement referenced in her motion and the supporting declarations. The Trustee has submitted a proposed order ("Proposed Order" attached as Exhibit 1 the Trustee's Request for Findings) that specifically state that the assets include "property listed on Schedule 2.1(n) to the Asset Purchase Agreement but no such schedule is part of the Trustee's motion. The Proposed Order states that the assets being sold include computer room air conditioner units, evaporative cooling units on the roof, and 300+ computer racks. However, SVTIX owns computer room air conditioner units, evaporative cooling units and computer racks; and RAIX owns computer racks. (Rubio Decl.     ) Further, SVTX does not own 300+ computer racks. (Rubio Decl., ¶¶ 8, 9, and 10.) The declaration of Robert Taylor states that it is purchasing: ". . . (c) the estate's right title, and interest in tangible personal property as necessary for Cerulean's operations at the Premises, . . ." but no where does Cerulean explain what its operations are or what equipment is required. (Taylor Decl., p. 4, para. 14, lines 10-16.)   Mr. Taylor's declaration further states that assets being sold include "all" computer room conditioner units, "all" UPS's (mentioned for the first time in the Trustee's motion to sell), "all" transformers (mentioned for the first time in the Trustee's motion to sell), "all" PDUs

SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION

9

(mentioned for the first time in the Trustee's motion to sell), "all" computer racks. (Taylor Decl., p. 5, para. 16, lines 12-26.) However, it appears that the Trustee is attempting to sell equipment the Debtor does not own which is impermissible.

Conclusion

For the foregoing reasons, the Trustee's motion to sell the Master Lease free and clear of SVTIX and RAIX's subleases should be denied. Further, the motion to sell assets should be denied to the extent the Trustee purports to sell assets of SVTIX and RAIX.

Dated: January 21, 2015                    WILLIAMS, PINELLI & CULLEN, LLP


By: _Richard Wilbun (for)_
EDWARD F. CULLEN
Attorneys for SVTIX and RAIX

**SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTERESTS AND REQUEST FOR ADEQUATE PROTECTION**

10

| | |
|---|---|
| 1 | SILICON VALLEY TELECOM EXCHANGE, LLC . |
| 2 | United States District Court No. 14-52449 MEH |
| | PROOF OF SERVICE |

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within action.. My business address is 110 N. Third Street, San Jose, CA 95112.

On the date set forth below, I served the following documents:

**SVTIX AND RAIX'S OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN, AND SELL ASSETS FREE AND CLEAR OF SVTIX AND RAIX'S INTEREST AND REQUEST FOR ADEQUATE PROTECTION**

on the interested parties to said action by the following means:

__X__ **(BY MAIL)** By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail as the office of Williams, Pinelli & Cullen, San Jose, CA, addressed as shown below. I am readily f familiar with this businesses's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence will be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

_____ **(BY FACSIMILE TRANSMISSION)** I caused such documents to be delivered by facsimile transmission this date to the offices of the addressee(s), to the fax number noted herein.

_____ **(BY HAND DELIVERY)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

_____ **(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 21, 2015 at San Jose, California.

DEBBIE PETTIT

**NAME(S) AND ADDRESSES OR FAX NUMBER(S) OF EACH PARTY SERVED:**

| | |
|---|---|
| Marcia E. Gerston, Esq. | Scott L. Goodsell, Esq. |
| Greenfield Draa & Harrington, LLP | Campeau, Goodsell Smith |
| 55 S. Market St., #1500 | 440 N. 1st St., #100 |
| San Jose, CA. 95113 | San Jose, CA. 95112 |
| | |
| Jennifer C. Hayes, Esq. | Todd B. Holvick, Esq. |
| McKenna, Long & Aldridge, LLP | Schnader, Harrison, Segal, et al., LLP |
| One Market Plaza, Spear Tower, 24th floor | 650 California St., 19th Flr. |
| San Francisco, CA. 94105 | San Francisco, CA. 94108 |

Proof of Service

| | | |
|---|---|---|
| 1 | | |
| 2 | Michael A. Isaacs, Esq.<br>McKenna, Long & Aldridge, LLP<br>One Market Plaza, Spear Tower, 24 th flr<br>San Francisco, CA. 94105 | Melissa Lor, Esq.<br>Schnader, Harrison, Segal, et al., LLP<br>650 California St., 19th Flr.<br>San Francisco, CA. 94108 |
| 5 | Valerie Bantner Peo, Esq.<br>Schnader, Harrison, Segal, et al., LLP<br>650 California St., 19th Flr.<br>San Francisco, CA. 94108 | Marc L. Pinckney, Esq.<br>Law Office of Marc L. Pinckney<br>8677 La Jolla Village Dr., #230<br>San Diego, CA. 82122 |
| 8 | David A. Tilem, Esq.<br>Law Offices of Tilem and White<br>206 N. Jackson St., #201<br>Glendale, CA. 91206 | John S. Wesolowski, Esq.<br>Offices of the United States Trustee<br>280 s. 1st St., #268<br>San Jose, CA. 95113 |