


EDWARD F. CULLEN (CA Bar No. 133155)
WILLIAMS, PINELLI & CULLEN, LLP
110 North Third Street
San Jose, California 95112
Telephone: (408) 288-3868
Facsimile: (408) 288-3860

Attorneys for
SVTIX and RAIX

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION

| | |
|---|---|
| In re<br>    SILICON VALLEY TELECOM EXCHANGE, LLC,<br><br>    Debtor. | CASE NO. 14-52449 MEH<br><br>**DECLARATION OF FRED RUBIO IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN AND SELL ASSETS**<br><br>DATE: January 29, 2015<br>TIME: 10:30 a.m.<br>Ctrm: United States Courthouse<br>        280 South First Street, Room 3070<br>        San Jose, California 95113 |

I, FRED D. RUBIO, declare:

1. I am over the age of eighteen (18) and have personal knowledge of each of the facts set forth in this declaration and, if called to testify, can testify competently thereto, except as to the matters stated on information and belief, and as to those matters, I believe them to be true.

2. Rubio & Associates, Inc. ("RA,Inc.") is a California Corporation. I was responsible for forming and I have been president of RA,Inc. since its formation to today.

3. Silicon Valley Telecom Exchange, LLC ("SVTIX" or "Debtor") is a California Limited Liability Corporation. I am the person responsible for forming SVTIX, I am the managing member of SVTIX and have been since its formation, and I have been responsible for managing the

DECLARATION OF FRED RUBIO IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN AND SELL ASSETS

1

Case: 14-52449   Doc# 100   Filed: 01/21/15   Entered: 01/23/15 10:36:20   Page 1 of 16

day to day operations of SVTIX until the time Janina Hoskins was appointed the Chapter 11 Trustee for SVTIX.

4. Silicon Valley Telecom & Internet Exchange, LLC ("SVTIX") is a California Limited Liability Corporation. I am the person responsible for forming SVTIX, I am the managing member of SVTIX and have been since its formation, and I have been responsible for managing the day to day operations of SVTIX since its formation.

5. RAIX, LLC ("RAIX") is a California Limited Liability Corporation. I am the person responsible for forming RAIX, I am the managing member of RAIX and have been since its formation, and I have been responsible for managing the day to day operations of RAIX since its formation.

6. I have read the STATEMENT OF FACTS portion of SVTIX and RAIX's Memorandum of Points and Authorities in Opposition to the Chapter 11 Trustee's Motion to Assume, Assign, and Sell. The factual representations contained in the STATEMENT OF FACTS are true and correct.

7. In 2013, the San Jose Unified School District ("SJUSD"), the owner of the property at 250 Stockton Ave., San Jose, California leased by SVTIX, filed an unlawful detainer action in the Santa Clara County Superior Court. The action was settled by stipulation. Attached hereto as Exhibit A is a true and correct copy of the stipulation which I signed on behalf of SVTIX, SVTIX, and RAIX.

8. SVTIX operates the Meet-Me-Room at 250 Stockton Ave. All of the equipment in the Meet-Me-Room was purchased and installed by SVTIX with the exception of customer equipment in the Meet-Me-Room. SVTIX does not own any equipment in the Meet-Me-Room.

9. SVTIX provides colocation services to customers in a portion of the space formerly leased to Enron Broadband Services, Inc. ("Enron"). The Enron infrastructure was inadequate for SVTIX's colocation business. SVTIX installed two UPS systems in the basement of 250 Stockton

DECLARATION OF FRED RUBIO IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN AND SELL ASSETS

2

1 | Ave. along with room air condition systems. SVTIX also installed equipment in the former Enron
2 | space, including cabinets for customers servers, ladder racking and electrical subpanels.

3 |    10.   SVTIX has spent in excess of $1 Million on equipment and for the cost to install
4 | and maintain the equipment.

5 |    11.   RAIX provides colocation services to customers in a portion of the space formerly
6 | leased to Enron. RAIX installed equipment in the former Enron space, including 50 cabinets for
7 | customers servers, ladder racking and electrical subpanels.

8 |    12.   SVTIX never purchased any computer cabinets.

9 |    I declare under penalty of perjury that the foregoing is true and correct, and that this
10 | declaration was executed on January 21, 2015, at Los Gatos, California.

*[signature]*

Fred D. Rubio, II

DECLARATION OF FRED RUBIO IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION TO ASSUME, ASSIGN AND SELL ASSETS

3

EXHIBIT "A"

Philip J. Henderson (State Bar No. 197222)
Kimble R. Cook (State Bar No. 163148)
Andrew R. Sukkar (State Bar No. 284899)
ORBACH HUFF SUAREZ & HENDERSON, LLP
One Kaiser Plaza, Suite 1485
Oakland, California 94612
Telephone:   (510) 999-7908
Facsimile:   (510) 999-7918

Attorneys for Plaintiff
SAN JOSE UNIFIED SCHOOL DISTRICT


ENDORSED
2014 APR 16 A 9:50

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

SAN JOSE UNIFIED SCHOOL DISTRICT,

    Plaintiff,

vs.

SILICON VALLEY TELECOM EXCHANGE, LLC, RAIX, LLC, SILICON VALLEY TELECOM AND INTERNET EXCHANGE, LLC, DOES 1 to 100,

    Defendants.

No. 113CV255177

STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff SAN JOSE UNIFIED SCHOOL DISTRICT and defendants SILICON VALLEY TELECOM EXCHANGE, LLC, (hereinafter "SVTX") RAIX, LLC, (hereinafter "RAIX", and SILICON VALLEY TELECOM AND INTERNET EXCHANGE, LLC (hereinafter "SVTIX") that:

1. Defendants acknowledge an indebtedness to plaintiff, as of the date of execution of this STIPULATION, the sum of $228,934.35. This sum is comprised of $141,677.00 in unpaid rent, $24,201.20 in late charges (subject to audit, with plaintiff agreeing to reduce this amount if the audit demonstrates that a lesser sum is owed for late charges), $28,056.15 as incurred environmental costs incurred to date (this figure for environmental costs does not include remediation costs, if any, which have yet to be determined. Defendants will remain responsible for any remediation costs

1

which are determined to have resulted from defendants' or any of defendants' subtenants use of the premises), and $35,000.00 in attorney's fees.

2. Defendants shall make payments to plaintiff pursuant to the following schedule:

a) regular monthly rent of $50,419.16 on or before April 5, 2014; and,

b) regular monthly rent (currently $50,419.16, but subject to adjustment as set forth in the lease between plaintiff and SVTX) plus an additional $28,616.79 as payment towards the foregoing indebtedness on or before the fifth day of each month commencing May 5, 2014 through and including November 5, 2014 - if the fifth day of any such month falls on a weekend or holiday, the due date in any such month shall be the first non-holiday weekday following the fifth day of such month; and,

c) regular monthly rent plus an additional $28,616.82 as a final payment towards the foregoing indebtedness on or before December 5, 2014.

The foregoing payments may be adjusted as more fully set forth below. It is defendants' sole responsibility to see that all such payments are received by plaintiff on or before the due date as set forth above. Payments may be made by wire transfer of funds to plaintiff's bank account, with such account and routing information to be supplied by plaintiff, or payments may be personally delivered to the office of the San Jose Unified School District located at 855 Lenzen Avenue, San Jose, California 95126: ATTN: Sue Avila. All payments must be received by the close of business on the date set forth above, which is 5:00 P.M. Defendant may prepay any of the arrearage as defined above at any time without penalty and upon doing so

2



shall be entitled to a dismissal as set forth in Paragraph #6 below.

3. The parties understand that, as of the date of this STIPULATION, plaintiff has not completed its environmental assessment of the premises, and continues to incur monthly costs to obtain a Closure letter from the Santa Clara County Environmental Health Department. The parties agree that defendants will be required to reimburse plaintiff for any additional costs of obtaining a Closure letter, which are not included in the arrearage as set forth above, with the total of such additional costs not to exceed $10,000.00. Any such costs incurred prior to May 1, 2014 shall be accounted for to defendants on or before April 30, 2014 and shall be paid together with the payment due May 5, 2014. Thereafter, in each month in which such costs are incurred, they shall be billed to defendants by the last day of the month in which incurred and paid to plaintiff together with the payment due on the fifth day of the following month. The parties agree that this amount does not include any environmental remediation costs. Plaintiff specifically reserves all rights to recover from defendant all costs associated with remediation of the premises with respect to any environmental damage caused by defendants or any of defendants' subtenants.

4. Defendants shall ascertain and verify to plaintiff that all electrical improvements to the subject premises of this lawsuit installed after February 18, 1999 are permitted and lawfully installed. If upon investigation it turns out that this is not the case defendants shall, commencing May 1, 2014, have a licensed electrical contractor take whatever steps are necessary to bring any such improvements into full legal

3



compliance, and shall diligently prosecute all such work to completion, with the objective of having such work completed on or before July 31, 2014; however, defendants shall not be in default hereunder if such work is not completed by July 31, 2014 as long as defendants' contractor(s) has been diligently prosecuting such work in a professional and non-dilatory manner, to be determined in plaintiff's reasonable discretion, and continues to so prosecute said work to conclusion.

5. Defendants SVTIX and RAIX may remain in the premises as sublessees subject to the terms of this STIPULATION and, if defendants perform in accordance with the foregoing requirements, may continue to remain in possession thereafter. Plaintiff understands that defendants' business model requires it to permit other entities to place computer equipment in the premises on a colocation basis. Plaintiff confirms that to the extent defendants' business model does no provide possessory rights to the premises to other entities, defendants are not in breach of the lease agreement. Nothing herein shall be construed however as providing defendants the right to sublease any portion of the premises without complying with the terms of the lease agreement that require prior notice and approval by plaintiff. Defendants affirm and agree that this business model does not give any such other entities any possessory rights to the premises.

6. If defendants perform in accordance with the foregoing requirements, upon the completion of performance by defendants they shall be reinstated as tenants in good standing pursuant to the lease between plaintiff and SVTX. In this event, plaintiff will file a dismissal of this action, with prejudice. Other than to the extent that the above payments constitute, in part,

4

the payment of plaintiff's attorney's fees and costs by defendants, each party shall bear its own attorney's fees and costs herein.

    7. If defendants fail to perform in accordance with the foregoing requirements, upon any such failure plaintiff shall be entitled to immediate judgment for the full relief set forth in the complaint, including restitution of possession of the premises, forfeiture of the lease and any subleases, rent, damages, attorney's fees, and costs, less applicable credit(s) for any payment(s) made by defendants prior to the date upon which such judgment is obtained. Plaintiff may obtain said judgment by ex parte application to the Court, coupled with a declaration under penalty of perjury setting forth the facts constituting defendants' failure to perform in accordance with the requirements of this STIPULATION. Before seeking to obtain said judgment, plaintiff's attorney shall give at least one Court day notice by telephone and email to defendants' attorney (Mr. Todd Rothbard; tel.: 408-244-4200; email: toddrothbard@att.net) of plaintiff's intention to so proceed. If defendants, having received said notification, contend that they have in fact performed in accordance with the requirements of this STIPULATION the Court shall, at the time of plaintiff's ex parte application, hold a hearing to determine whether or not in fact there has been compliance, and the prevailing party in such hearing shall be entitled to recover any additional attorney's fees and costs (including, without limitation, expert fees), incurred in such hearing. If defendants fail to perform in accordance with the foregoing requirements, defendants waive any right they might otherwise have to contest, appeal, or seek to set aside said judgment, waive any right they might otherwise

5


Case: 14-52449  Doc# 100  Filed: 01/21/15  Entered: 01/23/15 10:36:20  Page 9 of 16

have to seek any form of stay of execution, either pursuant to Code of Civil Procedure sections 918, 1176, or otherwise, waive any right they might otherwise have to seek any form of relief from forfeiture, either pursuant to Civil Code section 3275, Code of Civil Procedure sections 1174, 1179, or otherwise, and waive any right they might otherwise have to seek any form of relief from default, either pursuant to Code of Civil Procedure sections 473, 473.5, or otherwise. Any security deposit being held by plaintiff may, to the extent it would otherwise be refundable pursuant to the provisions of Civil Code section 1950.7, be applied in partial satisfaction of any judgment obtained herein.

8. The parties hereto each warrant and represent to the other(s) that none of them has heretofore assigned or transferred or purported to assign or transfer to any person not a party hereto any released matter or any part apportioned thereof, and each agrees to indemnify and hold harmless the other from and against any claim based on, in connection with, or arising out of any such assignment or transfer or purported or claimed assignment or transfer.

9. Defendants SVTX, SVTIX, and RAIX each warrant that they are the sole occupants of the subject premises and that there are no other occupants on the premises; however, as set forth above, plaintiff and defendants agree that, incident to defendants' business model, other entities may from time to time be permitted to co-locate equipment on the premises without such other occupants acquiring any right to possession of the premises.

10. This STIPULATION shall be binding upon, and inure to the benefit of the successors and assigns of the parties hereto

6

only. Nothing in this STIPULATION, express or implied, is intended to confer upon any person or entity other than the parties hereto or their respective successors and assigns any rights or benefits under or by reason of this STIPULATION. This STIPULATION shall not be assignable by any party hereto without the written consent of the other parties.

11. The parties acknowledge and agree that the execution of this STIPULATION is the result of compromise, and is entered into in good faith and shall never for any purpose be considered an admission of fault, culpability, liability, or any kind of responsibility whatsoever concerning any of the claims arising out of or relating to the subject premises prior to the date of this STIPULATION, and no past or present wrongdoing on the part of any of the parties hereto shall be implied by such payment or execution.

12. Nothing in this STIPULATION shall be construed as altering defendants' obligations pursuant to the lease between plaintiff and SVTX other than as expressly set forth herein. Defendants shall be expected to continue to perform in all respects as required by said lease, except to the extent such performance is necessarily modified by the provisions of this STIPULATION.

13. In entering into this STIPULATION, the parties hereto represent and affirm that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choice in the preparation of this STIPULATION. The parties have executed this STIPULATION with full knowledge of its signficance and with the express intention of effectuating its legal consequence.

14. Each signatory to this STIPULATION affirms that (s)he

7

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
ata Clara, California 95051

has been authorized and empowered by the entity for which (s)he is signing to enter into this STIPULATION on behalf of said entity and, by so doing, to bind said entity to its terms.

15. Counsel for each party has contributed to the drafting and content of this STIPULATION; accordingly, it is agreed that the rule that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this STIPULATION. Each party, in entering into this STIPULATION, has been advised by its attorney(s) as to the meaning of its terms and the consequences of failure to abide by said terms.

16. In the event that one or more of the provisions or portions of this STIPULATION is determined to be illegal or unenforceable, the remainder of this STIPULATION shall not be affected thereby and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

17. This STIPULATION is entered into in the State of California and shall be construed and interpreted in accordance with its laws.

18. This STIPULATION may be pleaded as a full and complete defense to and may be used as a basis for, and injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted that relate to or arise out of the claims released or resolved under this STIPULATION.

19. This STIPULATION sets forth the entire agreement between the parties with respect to the matters addressed herein. It shall not be altered nor modified unless such alteration or modification is in writing and signed by all

signatories hereto.

20. A fax or email copy of this STIPULATION, bearing the faxed or emailed signatures of all signatories hereto, may be used for all purposes in lieu of an original. This STIPULATION may be executed in counterparts, with the sum of the counterparts, whether executed by fax, email, or otherwise, being the equivalent in legal contemplation of one fully executed original. Notwithstanding this provision, the parties agree to execute five original copies of this STIPULATION, with one original for each of the parties and one original to be filed with the Court.

DATED:

_____
SAN JOSE UNIFIED SCHOOL DISTRICT
Plaintiff
by: Vincent Matthews, Ed.D.
its: Superintendent of Schools

DATED: 3/28/14

_____
KIMBLE R. COOK - ORBACH, HUFF,
SUAREZ & HENDERSON, LLP
Attorneys for Plaintiff

DATED: 3/28/14

_____
SILICON VALLEY TELECOM EXCHANGE,
LLC ("SVTX")
Defendant
by: Fred Rubio
its: Managing Member

DATED: 3/28/14

_____
RAIX, LLC ("RAIX")
Defendant
by: Fred Rubio
its: Managing Member

DATED: 3/28/14

_____
SILICON VALLEY TELECOM AND
INTERNET EXCHANGE, LLC ("SVTIX")
Defendant
by: Fred Rubio
its: Managing Member

DATED: 3-28-14

_____
TODD ROTHBARD
Attorney for Defendants

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
Santa Clara, California 95051

9

ORDER

The Court having read and reviewed the foregoing STIPULATION of the parties, and good cause appearing therefor;

IT IS SO ORDERED.

DATED: 4/16/14

JUDGE OF THE SUPERIOR COURT.

Derek Woodhouse

10

Todd Rothbard
Attorney at Law
100 Saratoga Avenue
Suite 200
ita Clara, California 95051

SILICON VALLEY TELECOM EXCHANGE, LLC.
United States District Court No. 14-52449 MEH

PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within action.. My business address is 110 N. Third Street, San Jose, CA 95112.

On the date set forth below, I served the following documents:

**DECLARATION OF FRED RUBIO IN SUPPORT OF OPPOSITION TO CHAPTER 11 TRUSTTEE'S MOTION TO ASSUME, ASSIGN AND SELL ASSETS**

on the interested parties to said action by the following means:

__X__ **(BY MAIL)** By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail as the office of Williams, Pinelli & Cullen, San Jose, CA, addressed as shown below. I am readily f familiar with this businesses's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence will be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

_____ **(BY FACSIMILE TRANSMISSION)** I caused such documents to be delivered by facsimile transmission this date to the offices of the addressee(s), to the fax number noted herein.

_____ **(BY HAND DELIVERY)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

_____ **(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 21, 2015 at San Jose, California.

_____
DEBBIE PETTIT

**NAME(S) AND ADDRESSES OR FAX NUMBER(S) OF EACH PARTY SERVED:**

Marcia E. Gerston, Esq.
Greenfield Draa & Harrington, LLP
55 S. Market St., #1500
San Jose, CA. 95113

Scott L. Goodsell, Esq.
Campeau, Goodsell Smith
440 N. 1st St., #100
San Jose, CA. 95112

Jennifer C. Hayes, Esq.
McKenna, Long & Aldridge, LLP
One Market Plaza, Spear Tower, 24th floor
San Francisco, CA. 94105

Todd B. Holvick, Esq.
Schnader, Harrison, Segal, et al., LLP
650 California St., 19th Flr.
San Francisco, CA. 94108

| | | |
|---|---|---|
| 1 | Michael A. Isaacs, Esq.<br>McKenna, Long & Aldridge, LLP | Melissa Lor, Esq.<br>Schnader, Harrison, Segal, et al., LLP |
| 2 | One Market Plaza, Spear Tower, 24 th flr<br>San Francisco, CA. 94105 | 650 California St., 19th Flr.<br>San Francisco, CA. 94108 |

Michael A. Isaacs, Esq.
McKenna, Long & Aldridge, LLP
One Market Plaza, Spear Tower, 24 th flr
San Francisco, CA. 94105

Valerie Bantner Peo, Esq.
Schnader, Harrison, Segal, et al., LLP
650 California St., 19th Flr.
San Francisco, CA. 94108

David A. Tilem, Esq.
Law Offices of Tilem and White
206 N. Jackson St., #201
Glendale, CA. 91206

Melissa Lor, Esq.
Schnader, Harrison, Segal, et al., LLP
650 California St., 19th Flr.
San Francisco, CA. 94108

Marc L. Pinckney, Esq.
Law Office of Marc L. Pinckney
8677 La Jolla Village Dr., #230
San Diego, CA. 82122

John S. Wesolowski, Esq.
Offices of the United States Trustee
280 s. 1st St., #268
San Jose, CA. 95113

Proof of Service    2